## Commonwealth v. McClain

*Michael F. Salisbury,* assistant district attorney for Commonwealth.

*David M. Weixel,* for defendant.

BROWN, *P.J.,* April 13, 1984—

## FACTS

Defendant has been charged with operating a vehicle in an unsafe condition in violation of §4107(b)(2) of the Vehicle Code. The offense allegedly occurred on Interstate 80 between Exists 26 and 27 in Lamar Township, Clinton County, Pa. on May 21, 1983.

The underlying facts giving rise to the charge focus on defendant's operation of an International truck having an unloaded weight of some seventeen thousand pounds on Interstate 80. On the date in question defendant entered Interstate 80 at Exit 26 and traversed approximately seven miles to Exit 27 where he exited Interstate 80 and entered US Route 220. While enroute between those two exits, Defendant was observed by Trooper Steven Rickard of the Pennsylvania State Police. Trooper Rickard recognized the vehicle from having given two warnings to its operator within the prior three weeks regarding the vehicle's operation on Interstate 80 with terre tires. Trooper Rickard indicated that he did not know if the other operators were defendant, and it would appear that this vehicle is owned by defendant's employer and is operated by more than one person.

Upon stopping defendant, Trooper Rickard observed that the vehicle's rear tires were what is commonly described as terre tires. The size was indicated on the tire as 48x3100 with the additional designation of the numeral 20. The tires were also lettered rather prominently with the statement

"Maximum Speed 30mph Not Intended For Highway Use."

Trooper Rickard testified that he was traveling sixty-five miles per hour when he passed defendant because he was pursuing another vehicle. He estimated that he had followed defendant for approximately three quarters of a mile and estimated his speed at 55 to 60 miles per hour. Trooper Rickard also testified that defendant indicated when he was stopped that he was traveling around that speed. Defendant did not deny this statement although in court he testified that because of the oversized nature of these tires his speedometer was not accurate and he would not know how fast he was traveling.

The Commonwealth called J. P. McKenna to testify. Mr. McKenna is a product service manager for the Goodyear Tire Company, the manufacturer of the terre tire which was on defendant's truck. Mr. McKenna has 20 years of exerience in his present position and for ten years prior to that had been in the tire business for himself. In describing the composition of a terre tire, Mr. McKenna indicated that it is a high floatation tire which is 48 inches high, 31 inches wide and is mounted on a tire rim of 31 inches. The construction of the tire is such that it is designed so that it does not compact soil and there are no restraining belts underneath it and the tire in effect floats. If the tire is driven at high speeds this tends to accentuate the roundness of the tire and it becomes very dangerous. This is particularly true on a hard surface where more heat is generated and increases the likelihood of an immediate blowout. Mr. McKenna ventured the opinion that driving this vehicle on a concrete highway at a speed of 40, 55 or 60 miles per hour is unsafe. The maximum speed of thirty miles per hour is printed on the sidewall of the

tire as required by the Department of Transportation.

Defendant testified that he drives this vehicle for his employer and has done so for the past four years. He further testified that he has operated at speeds in excess of 40 miles per hour on Interstate 80 without ever having a blowout. Defendant indicated that this particular use of Interstate 80 between Exits 26 and 27 is an alternative route to travelling Pa. Route 477. Because of the narrowness of the latter route, Defendant contends that it is safer for him to drive the vehicle on Interstate 80 than it is to traverse the narrower roadway of Pa. Route 477 since in his judgment the likelihood of an accident with oncoming traffic is much greater on Pa. Route 477 because of the size of his vehicle.

## DISCUSSION AND CONCLUSIONS OF LAW

This prosecution has been brought under §4107(b)(2) of the Vehicle Code of 1976. That statute provides:

"It is unlawful for any person to do any of the following:

(2) Operate, . . . , on any highway in this Commonwealth any vehicle . . . which is not equipped as required under this part or which is otherwise in an unsafe condition."

It is the Commonwealth's argument that Defendant has violated the part of that statute which prohibits the operation of a vehicle which is otherwise in an unsafe condition. The Commonwealth rests its case on the usage of the terre tires in contravention of the manufacturer's specifications not to use the tire at speeds in excess of 30 miles per hour as well as not to use it on a concrete or hard surfaced highway.

Defendant argues that the use of equipment in violation of a manufacturer's specification does not constitute a violation in this particular case. He relies on his experience in not having any blowouts while using the tires under conditions that exceed the manufactuer's specifications as well as the need for him to operate his vehicle on a roadway that is sufficiently wide to lessen the risk of an accident with oncoming traffic.

This is a somewhat interesting problem since absent any consideration of the applicable statute, the positions of both the Commonwealth and defendant have some merit. However, after considering the purpose of §4107(b)(2) and its language, the court concludes that to operate a vehicle as the Defendant has done in this case in contravention of the safety standards recommended for its tires by the tire manufacturer does constitute operating a vehicle in an unsafe condition. Defendant's contention that he has never had a blowout operating in excess of these specifications may well be fortuitous and rising not much above the level of having thus far succeeded at Russian roulette.

Considering Mr. McKenna's testimony as to the construction, design, and purpose of these tires it is evident that sooner or later the terre tire being used on Interstate 80 as is currently being done by defendant will result in the failure of the tire and a possible blowout and accident depending on the circumstances. There is a corresponding risk to other members of the public utilizing the highway in the vicinity of defendant's vehicle. It would seem to be an unassailable point that the legislative purpose in enacting this statute was to provide not only for the safety of the operator of a vehicle that is being operated in an unsafe condition but also for the safety of other members of the travelling public who have

some minimal expectations based upon this statute not be confronted with vehicles being operated with unsafe equipment. Accordingly, the court will find defendant guilty.

## ORDER

And now, April 13, 1984, based upon the foregoing opinion, the court finds defendant guilty of violating §4107(b)(2) of the Vehicle Code of 1976 by his operation of a vehicle on terre tires in excess of the tire's specified maximum speed limits on a highway not designed for the usage of said tires. It is the sentence of the court that defendant pay a fine of $25 and the costs of prosecution with this sentence to become effective upon the eleventh day following the filing of this order unless defendant files post verdict motions within ten days of the date of the filing of this order pursuant to the provisions of Pa.R.Crim.P. No. 1123.